■ BOARD OF EDUCATION, HEWLETT-WOODMERE UNION FREE SCHOOL DISTRICT et al., Appellants, v BOARD OF ASSESSORS OF THE COUNTY OF NASSAU et al., Respondents.—In an action *inter alia* for a judgment declaring that certain property is exempt from taxation, special *ad valorem* levies and special assessments pursuant to section 408 of the Real Property Tax Law, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated July 21, 1976, which (1) denied their motion for summary judgment, (2) granted defendants' cross motion for summary judgment and (3) declared that the property in question was not entitled to tax exempt status. Order affirmed, without costs or disbursements. Property conveyed to a school district, subject to a life estate reserved by the grantor, is not entitled to tax exempt status pursuant to section 408 of the Real Property Tax Law until the life estate has terminated. Although section 408 does not distinguish between types of ownership, and the school district-remainderman at bar concededly has a greater interest in the property, as well as fee title, than

the life tenant, the law of real property taxation seems clearly to have evolved in a manner recognizing such distinctions. Thus, it has long been the law that the life tenant is an owner of the property and that he, rather than the remainderman, is responsible for payment of the property taxes levied during his lifetime (see *Deraismes v Deraismes,* 72 NY 154; *Matter of Babcock,* 52 Hun 142, affd 115 NY 450; *Ackerman v State of New York,* 199 Misc 76; *Matter of McCarty,* 158 Misc 287). The logic of that is indisputable. The party having the exclusive present right to possession, control and enjoyment of the property should bear the burden of the taxes upon it. It appears to us equally logical that the grant of an exemption from taxes should follow the burden of taxation. Put another way, postponement of the remainderman's legal right to possession, use and enjoyment of the property and, thereby, his obligation to pay taxes thereon, should also compel postponement of the remainderman's right, if any, to a tax exemption. Turning to the case at bar, we see no justification in law or reason for requiring other property owners to subsidize the life tenant-grantor in her exclusive use and enjoyment of this property, however laudatory her motives in making this gift, while the school district-grantee remains legally disabled from using or enjoying the fruits of her generosity. Exemption statutes are to be construed against entitlement unless such interpretation is so narrow and literal as to defeat their settled purpose *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 196; *People ex rel. Watchtower Bible & Tract Soc. v Haring,* 8 NY2d 350, 358). In our view, it is an interpretation in favor of exemption in this case which would do violence to the purpose of the exemption statute. The fact that the subject property, or any income derived therefrom, cannot be legally used or controlled by the school district at this time is what distinguishes this case from a case in which school district property which remains tax exempt even if rented by the district to, and occupied by, a private individual. Although we have found no case law directly in point, we note that the counsel to the State Board of Equalization and Assessment has consistently opined that property subject to a life estate should be assessed in the name of the life tenant and that the life tenant in possession should be deemed the owner of the property for purposes of the exemption statutes (see 1 Opns Counsel SBEA, Nos. 39, 47; 3 Opns Counsel SBEA, No. 22). Cohalan, Acting P. J., Rabin, Shapiro and O'Connor, JJ., concur.