■ INCORPORATED VILLAGE OF PHILMONT, Respondent, v X-TYAL INTERNATIONAL CORP., Appellant.—Appeal from a judgment of the Supreme Court at Special Term, entered April 6, 1978 in Columbia County, upon an order which granted plaintiff's motion for summary judgment in its favor in the sum of $4,840.36 for unpaid real property taxes. On August 11, 1976, defendant purchased from plaintiff for a nominal sum, two parcels of real property situated in the Village of Philmont, New York. The conveyance was made by two separate deeds which included a factory building located on the premises in a dilapidated condition in need of repair. As a condition of the purchase, defendant agreed to expend certain sums over a period of two and one-half years from the date of the purchase for improvements and repairs to the building, and further agreed that the premises would be used solely for business related purposes for a five-year period. In the event defendant did not substantially comply with the said conditions, the title to the real property would revert to plaintiff, but if defendant performed the conditions, plaintiff's right to reclaim title and possession of the real property would terminate. On January 10, 1977, the building on the premises was destroyed by fire. A dispute arose between plaintiff and defendant concerning the actions taken to clear the site. Plaintiff commenced an action which was settled by agreement, and defendant paid plaintiff $2,000 for fill to be used to improve the fire site. On September 2, 1977, plaintiff commenced this action. In its first cause of action, plaintiff seeks to recover payment pursuant to section 1440 of the Real Property Tax Law for real property taxes assessed against defendant for the tax year commencing June 1, 1977, in the amount of $4,408.61, plus interest. Defendant alleged, in its answer, that the complaint did not state a cause of action, and the action is barred by laches. In its second cause of action, plaintiff sought to exercise its rights of reverter, alleging that the conditions to expend funds for improvements to the premises and use the premises for business related purposes had been breached. The parties have stipulated that the second cause of action be withdrawn, and that the issues be submitted to arbitration pursuant to provisions contained in the deed. Subdivision 1 of section 1440 of the Real Property Tax Law provides: "After the lapse of thirty days from the return of the treasurer, an action may be maintained, as upon contract, by the village to recover the amount of an unpaid tax, together with any interest thereon, as set forth in subdivision two of section fourteen hundred fifty of this chapter." Subdivision 2 of section 1450 of the Real Property Tax Law requires the board of trustees of a village to pass a resolution that an unpaid tax shall be collected by civil action before commencing a proceeding to collect an unpaid tax. Defendant contends that summary judgment is precluded because issues of fact exist as to whether plaintiff's procedure, prior to the commencement of the action, complied with the law. Defendant bases its contention on the fact that the resolution required by section 1450 was adopted at a special meeting of the board of trustees, and not at a regular meeting. Defendant states that the special meeting was attended only by the Mayor and three of the four village trustees with no members of the public present, and that questions are raised as to whether or not plaintiff complied with its own rules of procedure, and the provision of article 7 of the Public Officers Law. Defendant does not specify any irregularities, but rather suggests the possibility of errors in procedure which might constitute defect in plaintiff's claim for payment of the unpaid tax. The reply affirmation of plaintiff's attorney,

dated December 1, 1977, sets forth the minutes of the special meeting held on August 31, 1977, which contains the resolution and its adoption by the board of trustees to recover the unpaid taxes under section 1440 of the Real Property Tax Law. He further states that he supplied defendant's attorney with copies of tax statements, and was not asked for any further documents. Defendant further argues that the fatal defect in plaintiff's procedure was the failure to comply with subdivision (a) of section 98 and section 99 of the Public Officers Law. Those statutes require that any meeting of a public body shall be open to the general public, and that notice of the meeting shall be given to the public and news media. Even if there was a notice defect in calling the special meeting, section 102 of the Public Officers Law provides that an unintentional failure to fully comply with the notice provisions "shall not alone be grounds for invalidating any action taken at a meeting of a public body." Section 102 also provides that any aggrieved person shall have standing to enforce the provisions of article 7 of the Public Officers Law against a public body by the commencement of a CPLR article 78 proceeding and/or in an action for declaratory judgment and injunctive relief, and that the Statute of Limitations in a CPLR article 78 proceeding shall commence to run from the date the minutes of the questioned meeting have been made available to the public. Defendant has not commenced any CPLR article 78 proceeding or an action for declaratory judgment. Defendant's contention that plaintiff's action was defective as violative of the Public Officers Law, is without merit. Defendant further contends that plaintiff acted unconscionably and it, therefore, has a valid defense to the action. This contention is based on the assertion that the settlement of the action to abate the public nuisance created by the fire implicitly created the understanding that plaintiff would not claim its reversionary interest and, since plaintiff has commenced an action to recover title which is presently in arbitration, defendant might be paying taxes on real property it does not own. In its reply brief, defendant asserts that if summary judgment is reversed, it would then have the opportunity to amend its answer to plead the affirmative defense of unconscionability. Since defendant's answer in the record does not contain such an affirmative defense, it should be deemed waived. Until the arbitration proceeding is determined, defendant has the right to possession of the property and all other *indicia* of ownership (Real Property Actions and Proceedings Law, § 1953, subd 2). Liability for taxes imposed on real property is on the party having exclusive present right to possession, control and enjoyment of the property and, therefore, defendant must pay the unpaid taxes for the tax year June 1, 1977 as granted in the summary judgment *(Board of Educ. v Board of Assessors of County of Nassau*, 54 AD2d 978). Judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.