PACAMOR BEARINGS, INC., Appellant, v BRITISH AMERICAN DEVELOPMENT CORPORATION, Respondent.

Third Department, May 9, 1985

### APPEARANCES OF COUNSEL

*Tate, Bishko & Regal* (*David A. Tate* of *Tate, Tate & Hallow*, of counsel), for appellant.

*Tobin & Dempf* (*Kevin A. Luibrand* of counsel), for respondent.

### OPINION OF THE COURT

MAIN, J.

In 1979, the parties entered into an agreement whereby plaintiff agreed to purchase a parcel of property in Albany County from defendant. The agreement included a provision which required title to the property to "revert" to defendant, which would then pay plaintiff $35,000 per acre, "in the event that" plaintiff did not have a facility under construction within two years from closing. Negotiations were conducted as to the

precise wording of the deed and, at closing on January 8, 1980, plaintiff was apparently dissatisfied with the language designed to effect the above provision. Plaintiff suggested revisions thereto, which it claims were not fully incorporated into the recorded version of the deed despite assurances to the contrary from defendant.

By letter dated January 7, 1982, plaintiff informed defendant that it had not begun construction on the property within two years from closing and sought to reconvey the property to defendant in exchange for $95,025, as it claimed the deed required. After defendant refused to comply, plaintiff commenced this action and sought, *inter alia,* summary judgment. Defendant cross-moved for summary judgment dismissing the complaint and Special Term, concluding that the deed created a fee on condition (EPTL 6-1.1 [a] [2]) with a right of reacquisition (EPTL 6-3.2 [a] [1] [C]; 6-4.6), which defendant had not exercised, denied plaintiff's motion and granted defendant's cross motion. Plaintiff appeals from the order entered thereon.

To resolve this case, we must first determine the intent of the parties (43 NY Jur 2d, Deeds, § 233, at 436). Their intention should be determined from the writing itself (Real Property Law § 240 [3]), but resort to the surrounding circumstances is permitted where language used in the conveyance is susceptible of more than one interpretation (*see, e.g.,* 43 NY Jur 2d, Deeds, § 234, at 438). Plaintiff claims that the parties intended to create a covenant to repurchase the property if there was no construction within two years from closing and that defendant has breached that covenant. Defendant claims, as Special Term concluded, that the parties intended to create a fee on condition with a right of reacquisition, which defendant has not exercised, and, therefore, defendant cannot be forced to reacquire the property.

Our review of the deed reveals that it contains language which could be construed as intending either a covenant to repurchase or a fee on condition. For example, reference is made to the construction of the facility within two years as a "condition subsequent", but such language is not dispositive in determining the parties' intent (*see, e.g., Post v Weil,* 115 NY 361, 371). The terminology used to describe defendant's reacquisition of the property is not consistent with the statutory language of future estates (*see,* EPTL 6-3.2 [a] [1] [C]) and further clouds the intention of the parties. Also, the deed provides defendant with an action for specific performance and such is consistent with a covenant rather than a condition. With these facts prevailing, it

is evident that the intent of the parties is not clear from the language of the deed.

Consideration of the surrounding circumstances is also of little assistance. The affidavit of plaintiff's president indicates that a covenant to repurchase was essential to the agreement, which would not have been completed otherwise. Defendant's president affirms that a right of reentry, more properly denominated a right of reacquisition (*see,* EPTL 6-3.2 [a] [1] [C]; Glasser, Practice Commentary, McKinney's Cons Laws of NY, Book 17B, EPTL 6-1.1, p 5), was desired by plaintiff and its bank and, therefore, the parties intended a fee on condition with a right of reacquisition. Furthermore, the parties make accusations concerning whether various writings reflect actual agreements.

In light of these confusing circumstances and the ambiguities present in the deed, we are of the opinion that summary judgment to either party is inappropriate. We believe that additional facts need to be developed before the parties' intent in making the conveyance can be determined. Then, a more informed decision as to the legal effect of the deed can be made. We add that should it be determined that a fee on condition with a right of reacquisition was intended, attention should be given to RPAPL 1953, which is designed to limit or extinguish nonsubstantial restrictions on the use of land (*Board of Educ. v Miles,* 15 NY2d 364, 367-368) and would leave plaintiff with possession of the property and all other indicia of ownership (*see, Incorporated Vil. of Philmont v X-Tyal Intl. Corp.,* 67 AD2d 1039, 1040) until defendant brought suit to effect its right of reacquisition.

MAHONEY, P. J., CASEY, WEISS and YESAWICH, JR., JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion, cross motion denied, and, as so modified, affirmed.