■ Nathan Shukovsky et al., Appellants, v Rosana Clavin et al., Constituting the Board of Trustees of the Incorporated Village of Valley Stream, et al., Respondents.—Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiffs' motion for summary judgment and dismissed the complaint. Plaintiffs brought this action to declare the zoning ordinance of the Village of Valley Stream unconstitutional insofar as it affected the property purchased by them from the County of Nassau. Plaintiffs desired to use the property for additional parking for an adjacent shopping center. The deed by which they acquired the property contained a covenant that the "property is to be used for parking purposes only or title shall immediately revert back to the County of Nassau."

It is plaintiffs' theory, both as alleged in their complaint and in the affidavit in support of their motion for summary judgment, that the ordinance of the Village of Valley Stream, which restricted the use of the property to uses in effect at the time of the adoption of the ordinance and to park and recreational uses by a governmental agency, was confiscatory because it, together with the covenant in the deed, precluded plaintiffs from making any use of the property.

The burden of plaintiffs in challenging the constitutionality of the zoning ordinance as it applies to this property is "to demonstrate beyond a reasonable doubt that the property will not yield a reasonable return under any of the uses permitted by the zoning ordinance" *(Matter of National Merritt v Weist,* 41 NY2d 438, 445). Plaintiffs have neither pleaded nor proved that the property cannot yield a reasonable return if restricted to the uses permitted under the ordinance. They have not shown that they could not receive a reasonable return by selling the property to a municipality for park purposes or by using it themselves as a passive park in conjunction with the adjoining shopping center owned by them.

Although plaintiffs may be deprived of all use of their property by reason of the combination of the covenant in the deed, which restricts the use to parking, and the zoning ordinance, which does not permit a use for parking, it is not

the ordinance that is unconstitutional as confiscatory. Were we to adopt plaintiffs' theory, any purchaser of property intending to use the property for a purpose not permitted under the zoning ordinance could have the ordinance declared unconstitutional as applied to his property merely by having the seller insert in the deed a covenant restricting the property to the use the purchaser desires. (Appeal from order of Supreme Court, Nassau County, Christ, J.—summary judgment.) Present—Doerr, J. P., Boomer, Lawton, Davis and Lowery, JJ.