■ CITY OF PEEKSKILL, Appellant, v TIMOTHY SCHURR, Respondent. [789 NYS2d 308]—

In an action for a judgment declaring that title to a certain parcel of real property automatically reverted to the plaintiff by reason of the defendant's failure to comply with a provision in the deed, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered March 10, 2004, as denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff, City of Peekskill (hereinafter the City), conveyed a parcel of real property to the defendant. According to the deed, the defendant was required to bring the buildings on the premises into compliance with all local and state codes, regulations, and standards within nine months after the date of conveyance, and to cure any outstanding violations within 90 days after a City inspection revealed any such violations. If the defendant did not comply with these conditions, the deed stated that the property would "revert automatically to the City." It is undisputed that the defendant failed to so comply. Based upon this evidence the City met its burden as a movant for summary

judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *Shukovsky v Clavin,* 163 AD2d 919 [1990]).

However, the defendant then met his burden of demonstrating the existence of triable issues of fact, including whether the City waived enforcement of the automatic title reverter provision (*see Board of Mgrs. of Dickerson Pond Condominium I v Jagwani,* 250 AD2d 717 [1998]; *Pacamor Bearings v British Am. Dev. Corp.,* 108 AD2d 191 [1985]).

Accordingly, the Supreme Court properly denied the City's motion for summary judgment. S. Miller, J.P., Krausman, Mastro and Fisher, JJ., concur.