[980 NE2d 487, 956 NYS2d 439]

WHITEBOX CONCENTRATED CONVERTIBLE ARBITRAGE PARTNERS, L.P., et al., Appellants, v SUPERIOR WELL SERVICES, INC., Respondent.

Argued September 12, 2012; decided October 25, 2012

**POINTS OF COUNSEL**

*Ross & Orenstein LLC*, Minneapolis, Minnesota (*John B. Orenstein* of counsel), and *Zeichner Ellman & Krause LLP*, New York City (*Yoav M. Griver, Michael E. Sims* and *Tracee E. Davis* of counsel), for appellants. Because the holders' reading of the certificate of designations is at least as reasonable as Superior Well Services, Inc.'s, the Appellate Division erred in reversing the denial of Superior's motion to dismiss. (*Leon v Martinez*, 84 NY2d 83; *ABN AMRO Bank, N.V. v MBIA Inc.*, 17 NY3d 208; *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314; *Greenfield v Philles Records*, 98 NY2d 562; *Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.*, 60 AD3d 61, 13 NY3d 398; *White v Continental Cas. Co.*, 9 NY3d 264; *State of New York v Home Indem. Co.*, 66 NY2d 669; *Cerand v Burstein*, 72 AD3d 1262; *JFE Steel Corp. v ICI Ams., Inc.*, 797 F Supp 2d 452; *Scaringi v Broome Realty Corp.*, 154 Misc 2d 786.)

*Simpson Thacher & Bartlett LLP*, New York City (*Bruce D. Angiolillo, Jonathan K. Youngwood* and *Summer Craig* of counsel), for respondent. I. The Appellate Division correctly held that under the unambiguous contractual language at issue, the transaction did not trigger a fundamental change. (*Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.*, 60 AD3d 61; *Slamow v Del Col*, 79 NY2d 1016.) II. The Appellate Division correctly held that Nabors Industries Ltd. acquired Superior Well Services, Inc. through a single integrated transaction. (*805 Third Ave. Co. v M.W. Realty Assoc.*, 58 NY2d 447; *Merrit v Libby, McNeill & Libby*, 533 F2d 1310.)

**OPINION OF THE COURT**

GRAFFEO, J.

In this case we are asked to determine whether a corporation is entitled to the dismissal of a complaint that seeks to compel the repurchase of preferred stock. Considering the allegations

and documentary proof in the shareholders' favor, we conclude that dismissal is not warranted and that the complaint should be reinstated.

## I

Plaintiffs own approximately 54,000 shares of a series of preferred stock issued by defendant Superior Well Services, Inc. Unlike Superior's common stock, the preferred stock carries no voting rights, but it does confer some special benefits. Among them is a requirement that Superior repurchase the preferred stock at a price of $1,000 per share (plus accrued dividends) in the event that a "fundamental change" occurs.

The document that governs the rights and obligations of the parties sets forth five scenarios that qualify as a fundamental change, two of which are relevant in this case:

> "(i) a 'person' or 'group' within the meaning of Section 13(d)(3) of the [Securities and] Exchange Act becomes the direct or indirect 'beneficial owner,' as defined in Rule 13d-3 under the Exchange Act, of shares of the Common Stock or other capital stock of the Corporation [i.e., Superior] representing more than 50% of the voting power of the Common Stock . . . ; provided that this clause . . . shall not apply to a transaction covered in clause (iii) below, including any exception thereto; or . . .

> "(iii) the Corporation merges or consolidates with or into any other Person, or any Person merges with the Corporation, other than a merger, consolidation or other transaction in which . . . the Corporation is the surviving entity."

Stated more plainly, subdivision (i) provides that a fundamental change is established if a designated entity controls more than half of the voting power of Superior's common stock, unless that occurs via a transaction listed in subdivision (iii). Subdivision (iii), in turn, directs that a merger or consolidation of Superior with or into another company (or vice versa) constitutes a fundamental change, but not if Superior is "the surviving entity" following the merger, consolidation or transaction. Thus, in this case, the preferred stockholders would be entitled to $1,000 per share if an entity acquired more than 50% of Superior's common stock, unless such acquisition was the result of a merger with another company and Superior remained the surviving entity after the transaction.

In 2010, Superior entered into an "agreement and plan of merger" with Nabors Industries Ltd. and its wholly-owned subsidiary, Diamond Acquisition Corp., which was created for the sole purpose of facilitating the acquisition of Superior. According to the agreement, Nabors would use Diamond to make a tender offer of approximately $22 for each share of Superior's common stock. Once Diamond acquired a majority of the common stock, it would merge with Superior and then cease to exist, thereby making Nabors the majority shareholder of Superior.

When plaintiffs became aware of the agreement, they invoked the fundamental change provision and demanded that Superior repurchase their preferred stock at $1,000 per share. Superior refused to do so, claiming that the arrangement did not qualify as a fundamental change under the terms of the governing agreement. The plan was then executed: Diamond acquired over 92% of Superior's common stock; it merged into Superior; Superior liquidated the remaining common stock; Diamond went out of existence; and Nabors became the sole owner of Superior.

Plaintiffs commenced this action seeking a declaration that Superior must repurchase their shares of preferred stock because a fundamental change took place. Based on the language of the fundamental change provision, Superior moved to dismiss under CPLR 3211 claiming that a repurchase was not required since Superior survived the merger. Plaintiffs responded that, at the very least, it was ambiguous whether the initial tender offer was covered under subdivision (i) of the fundamental change provision or whether subdivision (iii) was applicable since not one, but two, companies—Superior and Nabors—survived the merger.

Supreme Court denied Superior's motion to dismiss, concluding that at the pleading stage of the case, the fundamental change provision was subject to different interpretations. The Appellate Division reversed and dismissed the complaint, viewing Diamond's acquisition of the common stock and Superior's subsequent merger with Diamond as a single transaction from which Superior emerged as the surviving entity, triggering the exception in subdivision (iii) of the fundamental change provision (86 AD3d 431 [1st Dept 2011]). We granted leave to appeal (17 NY3d 716 [2011]) and now reverse.

## II

Plaintiffs maintain that the Appellate Division should not have dismissed the complaint because there is a reasonable view

that the transaction at issue was a tender offer covered by subdivision (i) of the fundamental change clause, not a merger or consolidation within the meaning of subdivision (iii); that the various steps leading to the merger were separate transactions rather than a single, integrated plan; and that, even if subdivision (iii) applies, Superior was not the sole "surviving entity" because Nabors continued to exist. Superior contends that the language of the fundamental change provision unequivocally establishes that the company is not obligated to repurchase the preferred shares and, hence, it is entitled to dismissal of the complaint.

When a court rules on a CPLR 3211 motion to dismiss, it "must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiffs the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]). The motion may be granted if "documentary evidence utterly refutes [the] plaintiff's factual allegations" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]), thereby "conclusively establishing a defense as a matter of law" (*id.*, citing *Leon v Martinez*, 84 NY2d 83, 88 [1994]). One example of such proof is an unambiguous contract that indisputably undermines the asserted causes of action (*see generally Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]).

In our view, Superior has failed to establish entitlement to dismissal of the complaint. Considering the language of the preferred stock agreement and construing the allegations in the light most favorable to plaintiffs, there is a reasonable basis to believe that plaintiffs may be able to establish that the fundamental change clause was activated. With regard to subdivision (i) of the provision, it is undisputed that Diamond acquired more than 50% of Superior's common stock. Standing alone, this would certainly constitute a fundamental change unless the exception described in subdivision (iii) applies. Because the use of the term "transaction" is not defined in the preferred stock agreement, the precise meaning that the parties intended to ascribe to that terminology cannot be clearly discerned at this early point in the litigation. It could reasonably refer to (1) only the tender offer that Diamond used to secure majority control of Superior; (2) the offer and the merger of Diamond into Superior; or (3) the offer, the merger and the dissolution of Diamond. The distinction is meaningful because if the offer

itself is viewed as the relevant transaction, it would not be deemed a merger or consolidation subject to subdivision (iii), meaning that a fundamental change occurred under subdivision (i) and Superior must repurchase plaintiffs' preferred stock at the agreed contract price.

Even if the entire series of steps that culminated in Nabors ownership of Superior can be considered a single, integrated transaction, plaintiffs reasonably contend that a fundamental change occurred under subdivision (iii) since Superior may not have been "the surviving entity" of the merger. Use of the word "the" tends to suggest that Superior must be the only corporate entity that remains after a merger, yet Nabors survived as well. Superior did not establish, as a matter of law, that only two of the steps in the merger plan (the tender offer and the merger of Diamond into Superior) constituted the relevant "transaction" for purposes of "the surviving entity" language in subdivision (iii). Superior's theory is plausible, but so is plaintiffs' assertion that Nabors should not be excluded from the "transaction" analysis. Consequently, the Appellate Division erred when it adopted Superior's view in the context of a CPLR 3211 motion to dismiss.

We therefore conclude that, under the facts presented, there is ambiguity in the interpretation and effect of the preferred stock agreement and, as such, Superior is not entitled to dismissal of plaintiffs' complaint.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the complaint reinstated.

Chief Judge LIPPMAN and Judges CIPARICK, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.