In an action, inter alia, to recover damages for breach of contract, the plaintiff/counterclaim defendant and the additional counterclaim defendants appeal from an order of the Supreme Court, Suffolk County (Whelan, J.), dated January 29, 2013, which denied their motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the defendant/counterclaim plaintiffs counterclaims.
Ordered that the order is affirmed, with costs.
Island Tennis, LP (hereinafter Island Tennis), leased certain equipment from Varilease Finance, Inc. (hereinafter Varilease). Claude Okin and Island Tennis, Inc. (hereinafter together the guarantors), guaranteed Island Tennis’s obligations under the lease. After Island Tennis commenced this action, inter alia, to recover damages for breach of contract, Varilease asserted counterclaims against Island Tennis and the guarantors to recover damages for breach of the lease, to recover on the guarantees, and to recover the subject equipment.
The Supreme Court properly denied the motion of Island Tennis and the guarantors (hereinafter collectively the appellants) pursuant to CPLR 3211 (a) (1) and (7) to dismiss the counterclaims. The documentary evidence submitted by the appellants did not utterly refute Varilease’s factual allegations, thereby conclusively establishing a defense as a matter of law (see CPLR 3211 [a] [1]; Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [2012]). The counterclaims also stated valid causes of action, and the evidence submitted by the appellants failed to establish that a material fact as claimed by Varilease was not a fact at all and that no significant dispute exists regarding it (see CPLR 3211 [a] [7]; Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Sokol v Leader, 74 AD3d 1180, 1181-1182 [2010]).
Dickerson, J.E, Leventhal, Hall and Lott, JJ., concur.