■ ROMAN CATHOLIC DIOCESE OF BROOKLYN, NEW YORK, Appellant, v CHRIST THE KING REGIONAL HIGH SCHOOL, Respondent. [53 NYS3d 85]—

In an action, inter alia, for a judgment declaring the parties' respective rights under an agreement dated August 31, 1976, the defendant appeals from so much of an order of the Supreme Court, Queens County (Grays, J.), entered August 26, 2014, as denied that branch of its motion pursuant to CPLR 3211 (a)

which was to dismiss the second cause of action, and the plaintiff cross-appeals from so much of the same order as granted that branch of the defendant's motion pursuant to CPLR 3211 (a) which was, in effect, for a judgment declaring that the provision in the parties' agreement providing for a reverter of the subject property to the plaintiff has been extinguished pursuant to Real Property Law § 345.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In an agreement dated August 31, 1976 (hereinafter the 1976 Agreement), the plaintiff agreed to convey title to a parcel of property in Middle Village to the defendant, "to have and to hold the same so long as the [defendant] continues the operation of a Roman Catholic high school upon the premises, . . . upon the cessation of which all rights, title and interest herein conveyed shall revert to the [plaintiff]." Further, the parties agreed that the defendant "shall maintain and operate a Catholic high school in and upon the entire premises . . . and shall use the same for no other purpose," and that "[i]n the event it shall, for any reason, cease so to operate said high school, title to the premises . . . shall automatically revert to the [plaintiff] without further action on its part."

In November 2013, the plaintiff commenced this action seeking, in the first cause of action, a judgment declaring that the 1976 Agreement contained a valid and enforceable covenant requiring the defendant to reconvey the subject property to the plaintiff in the event that the defendant ceases to operate a Catholic high school on the premises. The second cause of action, in effect, sought a judgment declaring that the 1976 Agreement contained a valid and enforceable covenant prohibiting the defendant from using any portion of the property for another purpose, as well as damages for breach of contract. The plaintiff conceded that it failed to comply with the recording requirements for any "condition subsequent or special limitation restricting the use of land and the right of entry or possibility of reverter created thereby" (Real Property Law § 345 [1]). However, the complaint alleged that the 1976 Agreement contained covenants unaffected by the statute (see Real Property Law § 345 [9] [a]).

"A motion to dismiss under CPLR 3211 (a) (7) may be granted when exhibits attached to the complaint conclusively establish that a material fact as claimed by the pleader to be one is not a fact at all and that no significant dispute exists regarding it" (McMahan v McMahan, 131 AD3d 593, 594 [2015] [internal quotation marks and brackets omitted]; see Guggenheimer v

*Ginzburg,* 43 NY2d 268, 275 [1977]). Moreover, "[a] motion to dismiss pursuant to CPLR 3211 (a) (1) may appropriately be granted 'only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law' " (*Gym Door Repairs, Inc. v Astoria Gen. Contr. Corp.*, 144 AD3d 1093, 1095 [2016], quoting *Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *see Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]).

The Supreme Court properly granted that branch of the defendant's motion pursuant to CPLR 3211 (a) which was, in effect, for a judgment declaring that the provision in the 1976 Agreement providing for a reverter of the property to the plaintiff in the event that the defendant ceases to operate a Catholic high school on the property has been extinguished pursuant to Real Property Law § 345. Contrary to the plaintiff's contention, paragraph 5 of the 1976 Agreement unambiguously established the parties' intent to have title revert to the plaintiff if the defendant ceased to operate a Catholic high school on the entire premises or used part of the premises for another purpose. This provision was extinguished pursuant to Real Property Law § 345 as a result of the plaintiff's undisputed failure to comply with the recording requirements (*see* Real Property Law § 345 [1], [9] [a]; *Stonegate Family Holdings, Inc. v Revolutionary Trails, Inc., Boy Scouts of Am.*, 73 AD3d 1257, 1259 [2010]; *cf. Cathedral of Incarnation in Diocese of Long Is. v Garden City Co.*, 265 AD2d 286, 289 [1999]).

Moreover, the Supreme Court properly denied that branch of the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) which was to dismiss the second cause of action. The provision in the 1976 Agreement restricting the defendant from using any portion of the property for any purpose other than the operation of a Catholic high school created a restriction on use without a reversionary right. This is distinct from the condition subsequent and possibility of reverter obligating the defendant to reconvey the subject property to the plaintiff should the defendant cease to operate a Catholic high school. As such, the second cause of action is not barred by Real Property Law § 345 (9).

Accordingly, the defendant failed to establish that either the 1976 Agreement or anything else in the record supports dismissal of the second cause of action based on documentary evidence or for failure to state a cause of action (*see* CPLR 3211 [a] [1], [7]; Real Property Law § 345 [9]; *Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs.,*

*Inc.*, 20 NY3d at 63; *Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]; *Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]).

Nor does the doctrine of merger defeat the second cause of action. The defendant's submissions did not conclusively establish the absence of questions of fact as to whether the parties intended that the provision in the 1976 Agreement, providing for a reverter of the property to the plaintiff in the event that the defendant ceases to operate a Catholic high school on the property, survive the closing or merge into the deed (*see New York City Educ. Constr. Fund v Verizon N.Y. Inc.*, 114 AD3d 529, 531 [2014]).

The defendant also failed to demonstrate that the second cause of action is barred by the applicable statute of limitations (*see* CPLR 3211 [a] [5]). As the provision concerning the use of the entire property created a restriction on use without a reversionary right, rather than a condition subsequent and possibility of reverter, the statute of limitations set forth in RPAPL 612 is not applicable (*see* RPAPL 612 [1]). Furthermore, the defendant failed to establish that the action was barred by the six-year limitations period provided by CPLR 213 (2). The provision imposed a continuing duty not to use the premises for purposes other than to operate a Catholic high school. Since the second cause of action was based on the use of the premises as a charter school and also sought to recover damages for breach of contract, it was timely interposed within the six-year limitations period of CPLR 213 (2) (*see Meadowbrook Farms Homeowners Assn., Inc. v JZG Resources, Inc.*, 105 AD3d 820, 822 [2013]).

Finally, the Supreme Court also properly found the defendant's contentions regarding estoppel and waiver without merit. We agree that whether the plaintiff waived its right to enforce the use restriction or should be estopped from enforcing it due to its alleged failure to object to the defendant's prior violations remains a question of fact (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104, 106-107 [2006]; *City of Peekskill v Schurr*, 14 AD3d 643, 644 [2005]). Rivera, J.P., Austin, Cohen and Brathwaite Nelson, JJ., concur.