L.G.B. Dev., Inc. v Shammas (2018 NY Slip Op 03967)





L.G.B. Dev., Inc. v Shammas


2018 NY Slip Op 03967


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-00415
 (Index No. 9648/11)

[*1]L.G.B. Development, Inc., appellant, 
v
Richard Shammas, et al., respondents.


Tedd Blecher, New York, NY, for appellant.
David Bolton, P.C., Garden City, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of an implied contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered December 7, 2015. The order granted the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages for breach of an implied contract, and substituting thereof a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff employed the defendant Richard Shammas (hereinafter Shammas) as its comptroller from 2001 through July 2006. It subsequently commenced this action on June 29, 2011. In the amended complaint the plaintiff alleged, inter alia, that while Shammas was an employee of the plaintiff, he converted funds belonging to the plaintiff to pay for the construction or renovation of homes owned by Shammas and the defendant Eileen Shammas. The amended complaint further alleged that Shammas promised to pay back the funds he had converted but failed to keep his promise. The defendants moved for summary judgment dismissing the amended complaint on the ground, among other things, that the action was barred by the statute of limitations. The Supreme Court granted the motion, and the plaintiff appeals.
In support of their motion for summary judgment, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the first through third, and the fifth (erroneously denominated as the sixth) causes of action in the amended complaint. These causes of action sought damages for conversion and unjust enrichment and were barred by the three-year limitations period provided in CPLR 214(3) (see Stewart v GDC Tower at Greystone, 138 AD3d 729; Ingrami v Rovner, 45 AD3d 806). In opposition to this prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting those branches of the motion which were for summary judgment dismissing those causes of action.
The Supreme Court should not have granted that branch of the defendants' motion [*2]which was for summary judgment dismissing the cause of action to recover damages for breach of an implied contract. That cause of action was based on Shammas's alleged failure to keep his promise, made in 2006, to pay back the funds he had converted. Since this action was commenced on June 29, 2011, the defendants failed to demonstrate that the cause of action was not timely interposed within the six-year limitations period of CPLR 213(2) (see Roman Catholic Diocese of Brooklyn, N.Y. v Christ the King Regional High Sch., 149 AD3d 994). Accordingly, the court should have denied that branch of the defendants' motion regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions are not properly before this Court, without merit, or need not be reached in light of our determination.
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court