Matter of Berg v Planning Bd. of the City of Glen Cove (2019 NY Slip Op 00868)





Matter of Berg v Planning Bd. of the City of Glen Cove


2019 NY Slip Op 00868


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-04579
 (Index Nos. 9704/15, 9706/15)

[*1]In the Matter of David Berg, et al., petitioners/plaintiffs,
v
Planning Board of the City of Glen Cove, et al., respondents/defendants. (Matter No. 1)
In the Matter of Incorporated Village of Sea Cliff, et al., petitioners/plaintiffs-appellants,
v
Planning Board of the City of Glen Cove, et al., respondents/defendants-respondents, et al., respondents/defendants. (Matter No. 2)


Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Brian S. Stolar of counsel), for petitioners/plaintiffs-appellants.
Zarin & Steinmetz, White Plains, NY (Michael D. Zarin, Brad K. Schwartz, and Kate Roberts of counsel), for respondents/defendants-respondents Planning Board of the City of Glen Cove, City of Glen Cove, Glen Cove City Council, City of Glen Cove Industrial Development Agency, and City of Glen Cove Community Development Agency.
Farrell Fritz, P.C., Hauppauge, NY (Charlotte A. Biblow, Anthony S. Guardino, and John C. Stellakis of counsel), for respondents/defendants-respondents RXR Glen Isle Partners, LLC, RexCorp-Glen Isle Partners, LLC, Glen Isle Partners, LLC, and Glen Isle Development Company, LLC.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory and injunctive relief, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered August 19, 2016. The order and judgment, insofar as appealed from, granted the motion of the respondents/defendants-respondents Planning Board of the City of Glen Cove, City of Glen Cove, Glen Cove City Council, City of Glen Cove Industrial Development Agency, and City of Glen Cove Community Development Agency, and the separate motion of the respondents/defendants-respondents RXR Glen Isle Partners, LLC, RexCorp-Glen Isle Partners, LLC, Glen Isle Partners, LLC, and Glen Isle Development Company, LLC, pursuant to CPLR 3211(a) and 7804(f) to dismiss the amended petition/complaint insofar as asserted against each of them, denied the amended petition, and dismissed the proceeding/action insofar as asserted against them.
ORDERED that the order and judgment is modified, on the law, by deleting the provision thereof, in effect, dismissing the action, and adding thereto a provision declaring that none of the respondents/defendants-respondents are prohibited from taking any action to permit the development of the project in a manner that exceeds the parameters set forth in a memorandum of understanding dated October 5, 2000; as so modified, the order and judgment is affirmed, with one bill of costs payable to the respondents/defendants-respondents appearing separately and filing separate briefs.
The background facts as to this matter are set forth in this Court's decision and order on a companion appeal (see Matter of Berg v Planning Board of the City of Glen Cove, ___ AD3d ___ [Appellate Division Docket No. 2016-10030; decided herewith]). As relevant to this appeal, on or about October 5, 2000, a document labeled "Memorandum of Understanding" (hereinafter the MOU) was executed by the mayors of the Incorporated Village of Sea Cliff and the City of Glen Cove, among others. The MOU provided that the Village would not oppose the subject development project so long as it did not exceed certain parameters. The MOU further provided that the MOU did "not obviate any legal rights [the parties thereto] may otherwise have."
On December 19, 2011, the Planning Board of the City of Glen Cove (hereinafter the Planning Board) adopted a final environmental impact statement (hereinafter EIS) and a findings statement pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), and granted the developer a special use permit for a planned unit development (hereinafter PUD) master plan regarding the project. On November 18, 2014, the Planning Board approved the developer's PUD site plan and subdivision application for phase one of the project.
On June 11, 2015, the developer submitted an application to amend the PUD master development plan in a manner that would decrease the overall footprint and density of the private buildings to be built and increase the amount of parks, public amenities, and other open space. On October 6, 2015, the Planning Board adopted a resolution finding that a supplemental EIS was not necessary.
In November 2015, certain individuals commenced a hybrid proceeding pursuant to CPLR article 78 and action for declaratory and injunctive relief (hereinafter Matter No. 1). That matter is the subject of the companion appeal (see Matter of Berg v Planning Board of the City of Glen Cove, ___ AD3d ___ [Appellate Division Docket No. 2016-10030; decided herewith]). Also in November 2015, the Village, along with its Board of Trustees and Mayor (hereinafter collectively the petitioners), commenced a separate hybrid proceeding pursuant to CPLR article 78 to review the Planning Board's determination dated October 6, 2015, and action for declaratory and injunctive relief (hereinafter Matter No. 2), which was joined with Matter No. 1 and which is the subject of this appeal.
The respondents/defendants-respondents Planning Board of the City of Glen Cove, City of Glen Cove, Glen Cove City Council, City of Glen Cove Industrial Development Agency, and City of Glen Cove Community Development Agency (hereinafter collectively the City respondents) moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the amended petition/complaint (hereinafter the amended petition) in Matter No. 2 insofar as asserted against them. The respondents/defendants-respondents RXR Glen Isle Partners, LLC, RexCorp-Glen Isle Partners, LLC, Glen Isle Partners, LLC, and Glen Isle Development Company, LLC (hereinafter collectively the developer), separately moved for the same relief as to them. The Supreme Court granted the motions of the City respondents and the developer, denied the amended petition in Matter No. 2, and dismissed the proceeding/action in Matter No. 2 insofar as asserted against them.
With regard to the petitioners' allegations regarding SEQRA, the record demonstrates that in its determination dated October 6, 2015, the Planning Board identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for [*2]its determination (see Matter of Berg v Planning Board of the City of Glen Cove, ___ AD3d at ___ [Appellate Division Docket No. 2016-10030; decided herewith]).
The petitioners alleged that they were entitled to declaratory and injunctive relief regarding their allegations that the MOU is an enforceable contract and that the respondents/defendants-respondents should be prohibited from taking any action to permit the development of the project in a manner that exceeds the parameters set forth in the MOU. However, "[t]he term limits rule prohibits one municipal body from contractually binding its successors in areas relating to governance unless specifically authorized by statute or charter provisions to do so" (Matter of Karedes v Colella, 100 NY2d 45, 50). Moreover, the express terms of the MOU did not obligate the respondents/defendants-respondents to keep the development of the project within the parameters set forth therein. Rather, the MOU merely provided that the Village would not oppose the project so long as it did not exceed those parameters. Thus, the petitioners' sole remedy was to oppose the project, which they did. Accordingly, the documentary evidence conclusively demonstrates that the petitioners are not entitled to the relief that they seek in this regard (see CPLR 3211[a][1]; Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63; L.J. Sta. Group, LLC v Quantek Media, LLC, 62 AD3d 487, 491-492).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Since this is, in part, a declaratory judgment action, the order and judgment should have included a provision declaring that none of the respondents/defendants-respondents are prohibited from taking any action to permit the development of the project in a manner that exceeds the parameters set forth in the MOU (see Lanza v Wagner, 11 NY2d 317, 334).
SCHEINKMAN, P.J., DILLON, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court