Carcone v Noon (2023 NY Slip Op 01373)

Carcone v Noon

2023 NY Slip Op 01373

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, BANNISTER, AND OGDEN, JJ.

17 CA 22-00012

[*1]THOMAS E. CARCONE, IN HIS CAPACITY AS A MEMBER OF UTICA PAID FIREMEN'S RELIEF ASSOCIATION OF CITY OF UTICA AND ON BEHALF OF ALL MEMBERS OF THE UTICA PAID FIREMEN'S RELIEF ASSOCIATION OF CITY OF UTICA, PLAINTIFF-RESPONDENT,
v
JAMES NOON, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF UTICA PAID FIREMEN'S RELIEF ASSOCIATION OF CITY OF UTICA, AND UTICA PAID FIREMEN'S RELIEF ASSOCIATION OF CITY OF UTICA, DEFENDANTS-APPELLANTS. (APPEAL NO. 1.) 

ZACHARY C. OREN, UTICA (DAVID A. LONGERETTA OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
GLEASON, DUNN, WALSH & O'SHEA, ALBANY (RONALD G. DUNN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Oneida County (Patrick F. MacRae, J.), entered October 28, 2021. The order, inter alia, denied the motion of defendants to dismiss the second amended complaint. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: In this derivative action, plaintiffs, in their capacity as purported members of defendant Utica Paid Firemen's Relief Association of City of Utica (Association), seek several forms of relief on behalf of the members of the Association. In appeal No. 1, defendants, as limited by their brief, appeal from an order insofar as it denied their motion to dismiss the second amended complaint. In appeal No. 2, defendants appeal from an order denying their motion to dismiss the third amended complaint.
Initially, we dismiss the appeal from the order in appeal No. 1 as moot inasmuch as the third amended complaint superseded the second amended complaint and became the only operative complaint in the action (see Basile v Riley, 188 AD3d 1607, 1608 [4th Dept 2020]; Morrow v MetLife Invs. Ins. Co., 177 AD3d 1288, 1288 [4th Dept 2019]). We nonetheless conclude in appeal No. 2 that, contrary to defendants' contention, Supreme Court properly denied their motion to dismiss the third amended complaint (see generally Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [2012]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]).
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court