■ ENVIRONMENTAL APPRAISERS & BUILDERS, LLC, et al., Respondents, v WILLIAM M. IMHOF et al., Appellants. [40 NYS3d 132]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Suffolk County (Molia, J.), dated June 24, 2014, which, among other things, denied those branches of their motion which were pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against the defendant Kimberlie V. Imhof, for summary judgment dismissing the first, fourth, sixth, and seventh causes of action in the amended complaint insofar as asserted against the defendant William M. Imhof, and for summary judgment on their third counterclaim.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against the defendant Kimberlie V. Imhof, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In September 2010, the defendant William M. Imhof (hereinafter William), the owner of real property located in Kings

Park, New York, entered into a "public adjuster compensation agreement" with the plaintiff Jeffrey M. Osofs for Osofs to negotiate with William's insurance company to receive reimbursement for water damage to the subject property. In April 2011, William entered into a contract with the plaintiff Environmental Appraisers & Builders, LLC (hereinafter EAB), to perform work on the subject property to repair the water damage. In July 2012, EAB filed a notice of mechanic's lien against the property in the sum of $189,876.23, for allegedly unpaid labor and materials.

In February 2013, Osofs and EAB (hereinafter together the plaintiffs) commenced this action, inter alia, to recover damages for breach of contract against William and his daughter, Kimberlie V. Imhof (hereinafter Kimberlie), who allegedly acted as project manager during EAB's work. In the third counterclaim in their answer, the defendants alleged that the plaintiffs diverted trust fund assets under article 3-A of the Lien Law. Thereafter, the defendants moved, inter alia, pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against Kimberlie, and for summary judgment dismissing the amended complaint insofar as asserted against William. In an order dated June 24, 2014, the Supreme Court, among other things, denied those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against Kimberlie, for summary judgment dismissing the first, fourth, sixth, and seventh causes of action in the amended complaint insofar as asserted against William, and for summary judgment on the third counterclaim.

"In considering a motion to dismiss a cause of action pursuant to CPLR 3211 (a) (7), 'the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory' " (*Raach v SLSJET Mgt. Corp.*, 134 AD3d 792, 793 [2015], quoting *Sokol v Leader*, 74 AD3d 1180, 1181 [2010]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Here, the plaintiffs failed to state a cause of action alleging breach of contract against Kimberlie, since she was not a party to the contracts between William and each of the plaintiffs (*see 1911 Richmond Ave. Assoc., LLC v G.L.G. Capitol, LLC*, 90 AD3d 627 [2011]; *Walz v Todd & Honeywell*, 195 AD2d 455 [1993]), and the plaintiffs effectively alleged that Kimberlie acted as an agent on behalf of a disclosed principal, without alleging that she intended to be personally bound (*see Lido Beach Towers v Denis A. Miller Ins.*

*Agency, Inc.*, 128 AD3d 1025, 1027 [2015]; *Weinreb v Stinchfield,* 19 AD3d 482, 483 [2005]). Further, the plaintiffs failed to state a cause of action alleging tortious interference with contract against Kimberlie, since the amended complaint failed to adequately plead that Kimberlie intentionally procured William's alleged breach of the contracts (*see Mawere v Landau,* 130 AD3d 986, 989 [2015]). Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against Kimberlie for failure to state a cause of action.

However, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the first cause of action in the amended complaint insofar as asserted against William. The defendants contended that they were entitled to summary judgment dismissing the plaintiffs' first cause of action, to recover damages for breach of contract, because the contract failed to comply with the requirements of General Business Law § 771 for a home improvement contract. In opposition to the defendants' prima facie showing that William's contract with EAB did not include certain information required by General Business Law § 771, the plaintiffs presented evidence sufficient to raise a triable issue of fact as to whether there was a sufficient "meeting of the minds" between the parties as to the material terms of the contract to enforce the written and signed contract (*Porter v Bryant,* 256 AD2d 395, 396 [1998]; *see Wowaka & Sons v Pardell,* 242 AD2d 1, 6-7 [1998]; cf. *F & M Gen. Contr. v Oncel,* 132 AD3d 946, 948 [2015]).

Further, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the sixth cause of action insofar as asserted against William, which was to recover on an account stated. Contrary to the defendants' contention, the failure of EAB to submit an itemized billing statement did not prevent an account stated from being created (*see ERE LLP v Spanierman Gallery, LLC,* 94 AD3d 492, 493 [2012]; *Zanani v Schvimmer,* 50 AD3d 445, 446 [2008]; *Shea & Gould v Burr,* 194 AD2d 369, 370-371 [1993]). " 'An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due' " (*American Express Centurion Bank v Gabay,* 94 AD3d 795, 795 [2012], quoting *Fleetwood Agency, Inc. v Verde Elec. Corp.,* 85 AD3d 850, 851 [2011]). " 'An agreement may be implied where a defendant retains bills without objecting to them within a reason-

able period of time, or makes partial payment on the account' " (*American Express Centurion Bank v Gabay*, 94 AD3d at 795, quoting *American Express Centurion Bank v Cutler*, 81 AD3d 761, 762 [2011]). Here, the defendants failed to eliminate triable issues of fact as to whether they received and retained invoices without objecting to them within a reasonable period of time, and the plaintiffs presented evidence that a partial payment was made to EAB (*see Arrow Empl. Agency v David Rosen Bakery Supplies*, 2 AD3d 762 [2003]).

The defendants also failed to establish their prima facie entitlement to judgment as a matter of law on their third counterclaim alleging a diversion of trust fund assets under article 3-A of the Lien Law, since they presented no evidence that EAB used any article 3-A trust funds for a purpose other than that authorized by the Lien Law (*see* Lien Law § 72 [1]). Thus, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment on the third counterclaim.

The parties' remaining contentions either are without merit or need not be reached in light of our determination.

Accordingly, the Supreme Court should have granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against Kimberlie, and properly denied those branches of the motion which were for summary judgment dismissing the first, fourth, sixth, and seventh causes of action in the amended complaint insofar as asserted against William, and for summary judgment on the third counterclaim. Rivera, J.P., Chambers, Roman and Hinds-Radix, JJ., concur.