Hoi Trinh v Nguyen (2022 NY Slip Op 07387)

Hoi Trinh v Nguyen

2022 NY Slip Op 07387

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

909 CA 22-00350

[*1]HOI TRINH, PLAINTIFF-APPELLANT,
F
v
ATHER JOSEPH THIEN NGUYEN, DEFENDANT-RESPONDENT. 

HGT LAW, NEW YORK CITY (NATALIA D. WILLIAMS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HODGSON RUSS LLP, BUFFALO (STEPHEN W. KELKENBERG OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered October 20, 2021. The order, insofar as appealed from, granted the motion of defendant to dismiss the complaint with costs and attorney's fees. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the first and second ordering paragraphs are vacated, the complaint is reinstated, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this action against defendant alleging causes of action for defamation and defamation per se. According to the complaint, defendant published statements on two internet websites alleging, inter alia, that plaintiff engaged in a fraudulent and criminal operation and illegally and improperly received financial gain when he served as the Executive Director of the Vietnamese Overseas Initiative for Conscience Empowerment (VOICE), an organization that assists Vietnamese refugees to emigrate. Defendant moved to dismiss the complaint pursuant to, inter alia, the then-recent amendments to the anti-strategic lawsuits against public participation (anti-SLAPP) statutes (see Civil Rights Law §§ 70-a, 76-a) and CPLR 3211 (a) (7) and (g) and for, among other things, attorneys' fees and costs. Defendant argued that the anti-SLAPP amendments applied retroactively to the defamation causes of action asserted by plaintiff. Supreme Court, after considering the decisions in Coleman v Grand (523 F Supp 3d 244, 257-259 [ED NY 2021]), Palin v New York Times Co. (510 F Supp 3d 21, 27 [SD NY 2020]), and Sackler v American Broadcasting Cos., Inc. (71 Misc 3d 693, 696-699 [Sup Ct, NY County 2021]), determined that the amendments to the anti-SLAPP law applied retroactively and therefore applied the burdens under that law (see CPLR 3211 [g]). In its order, the court, inter alia, granted those parts of defendant's motion seeking to dismiss the complaint pursuant to CPLR 3211 (a) (7) and (g) and seeking costs and attorneys' fees. After the court's order, the First Department held that the anti-SLAPP amendments do not apply retroactively (see Gottwald v Sebert, 203 AD3d 488, 488-489 [1st Dept 2022]). Plaintiff appeals from the order to the extent that it granted defendant's motion, contending that the court erred in applying the anti-SLAPP amendments retroactively. We reverse the order insofar as appealed from.
Where new legislation, "if applied to past conduct, would impact substantive rights and have retroactive effect, the presumption against retroactivity is triggered" (Matter of Regina Metro. Co., LLC v New York State Div. of Hous. & Community Renewal, 35 NY3d 332, 370 [2020], rearg denied 35 NY3d 1079, 1081 [2020]; see Ruth v Elderwood at Amherst, 209 AD3d 1281, 1285 [4th Dept 2022]). When the presumption is triggered, "a statute is presumed to apply only prospectively" (Regina Metro. Co., LLC, 35 NY3d at 370). Here, there is no real dispute that the presumption applies inasmuch as the application of the anti-SLAPP amendments in plaintiff's case would have retroactive effect. Indeed, application of those amendments would " 'impair rights [plaintiff] possessed when he [filed the action], increase [his] liability for [that] past conduct, [and] impose new duties with respect to transactions already completed' " (id. at [*2]365).
We agree with plaintiff that the presumption against retroactivity is not overcome because "[n]othing in the text 'expressly or by necessary implication' requires retroactive application of the [anti-SLAPP] statute as amended . . . Nor does the legislative history support such an interpretation" (People v Galindo, 38 NY3d 199, 207 [2022]; see Ruth, 209 AD3d at 1284-1285). First, the text of the legislation does not contain an express statement requiring retroactive application (see L 2020, ch 250, § 4). Second, while the anti-SLAPP amendments took effect "immediately" (id.), that term "is equivocal in an analysis of retroactivity" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583 [1998] [internal quotation marks omitted]; see Landgraf v USI Film Prods., 511 US 244, 257 [1994]). Third, although the legislation is remedial in nature and such legislation is generally applied retroactively "to better achieve its beneficial purpose" (Matter of OnBank & Trust Co., 90 NY2d 725, 730 [1997]), simply classifying a statute as remedial "does not automatically overcome the strong presumption of prospectivity" (Majewski, 91 NY2d at 584). Finally, the legislative history establishes that the rationale for the amendments was to better advance the purposes of speech protection for which the anti-SLAPP law was initially enacted and to remedy the courts' failure to use their discretionary powers to award costs and fees in such cases. However, the legislative history does not offer any explicit or implicit support for retroactive application (see 2019 New York Senate-Assembly Bill S52A, A5991A). Therefore, we conclude that "the presumption of prospective application of the [anti-SLAPP] amendments has not been defeated" (Gottwald, 203 AD3d at 489).
In light of our determination, we need not address plaintiff's remaining contentions on appeal. Inasmuch as the court did not address the alternative grounds for dismissal raised in the motion pursuant to CPLR 3211 (a) (1) and CPLR 3211 (a) (7) insofar as based upon the pleading requirements in 3016 (a), we remit the matter to Supreme Court to consider those grounds and determine the motion anew (see generally Lundy Dev. & Prop. Mgt., LLC v Cor Real Prop. Co., LLC, 181 AD3d 1180, 1181 [4th Dept 2020]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court