Park E. Constr. Corp. v Uliano (2024 NY Slip Op 06353)

Park E. Constr. Corp. v Uliano

2024 NY Slip Op 06353

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2023-00046
 (Index No. 619407/21)

[*1]Park East Construction Corp., etc., respondent,
v
Anthony Uliano, appellant.

Forchelli Deegan Terrana LLP, Uniondale, NY (David A. Loglisci of counsel), for appellant.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (Adam L. Browser of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover trust funds pursuant to Lien Law article 3-A, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (John H. Rouse, J.), dated September 26, 2022. The order and judgment, insofar as appealed from, granted that branch of the plaintiff's renewed motion which was for summary judgment on the cause of action alleging diversion of trust funds pursuant to Lien Law article 3-A and awarded damages in favor of the plaintiff and against the defendant in the principal sum of $78,066.62 on that cause of action.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's renewed motion which was for summary judgment on the cause of action alleging diversion of trust funds pursuant to Lien Law article 3-A is denied.
In October 2021, the plaintiff commenced this action, inter alia, to recover trust funds pursuant to Lien Law article 3-A. The complaint alleged that a corporation owned by the defendant received funds from the plaintiff to purchase materials related to the installation of a stormwater filtration system as part of a construction project, but the defendant failed to pay the vendor who was to supply those materials. The plaintiff moved for summary judgment on the complaint, and the Supreme Court denied the motion without prejudice to renew after issue had been joined.
Thereafter, in July 2022, the plaintiff, in effect, renewed its motion for summary judgment on the complaint. By order and judgment dated September 26, 2022, the Supreme Court, inter alia, granted that branch of the plaintiff's motion renewed motion which was for summary judgment on the cause of action alleging diversion of trust funds pursuant to Lien Law article 3-A and awarded damages in favor of the plaintiff and against the defendant in the principal sum of $78,066.62 on that cause of action. The defendant appeals. We reverse.
"Article 3-A of the Lien Law creates 'trust funds out of certain construction payments or funds to assure payment of subcontractors, suppliers, architects, engineers, laborers, as well as specified taxes and expenses of construction'" (Aspro Mech. Contr. v Fleet Bank, 1 NY3d 324, 328, quoting Caristo Constr. Corp. v Diners Fin. Corp., 21 NY2d 507, 512; see Lien Law §§ 70, 71). [*2]"Use of trust assets for any purpose other than the expenditures authorized in Lien Law § 71 before all trust claims have been paid or discharged constitutes an improper diversion of trust assets, regardless of the propriety of the trustee's intentions" (Matter of RLI Ins. Co., Sur. Div. v New York State Dept. of Labor, 97 NY2d 256, 263; see Lien Law § 72[1]; Mount Vernon City School Dist. v Nova Cas. Co., 19 NY3d 28, 37; Ippolito v TJC Dev., LLC, 83 AD3d 57, 67).
The Supreme Court should have denied that branch of the plaintiff's renewed motion which was for summary judgment on the cause of action alleging diversion of trust funds pursuant to Lien Law article 3-A. The plaintiff's submissions failed to establish, prima facie, that trust funds were diverted by the defendant (see Roos v King Constr., 179 AD3d 857, 859; J. Petrocelli Constr., Inc. v Realm Elec. Contrs., Inc., 15 AD3d 444, 447). Although it is undisputed that a corporation owned by the defendant, as subcontractor, received trust assets and then failed to remit payment from the trust to purchase necessary materials for the project, the plaintiff failed to eliminate all triable issues of fact as to whether the defendant used those assets for any purpose other than the expenditures authorized in Lien Law § 71 (see id. § 72[1]; Environmental Appraisers & Bldrs., LLC v Imhof, 143 AD3d 756, 759).
Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, that branch of its renewed motion which was for summary judgment on the cause of action alleging diversion of trust funds pursuant to Lien Law article 3-A should have been denied regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., GENOVESI, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court