Trinh v Nguyen (2025 NY Slip Op 07136)

Trinh v Nguyen

2025 NY Slip Op 07136

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

793 CA 24-01796

[*1]HOI TRINH, PLAINTIFF-APPELLANT,
vATHER JOSEPH THIEN NGUYEN, DEFENDANT-RESPONDENT.

HGT LAW, NEW YORK CITY (HUNG G. TA OF COUNSEL), FOR PLAINTIFF-APPELLANT.
FINNERTY OSTERREICHER & ABDULLA, BUFFALO (KARIM A. ABDULLA OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered October 18, 2024. The order granted the motion of defendant to dismiss the complaint and awarded defendant costs and attorneys' fees. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion seeking to dismiss the complaint insofar as it is premised on the alleged defamatory statements set forth in paragraphs 32, 38, 41, 45, 46, 47, 48, 49, 51, 52 and 55 and reinstating the complaint to that extent, and denying that part of the motion seeking attorneys' fees and costs and as modified the order is affirmed without costs.
Memorandum: As noted in a prior appeal (Hoi Trinh v Nguyen, 211 AD3d 1623, 1623 [4th Dept 2022]), plaintiff commenced this action against defendant asserting causes of action for defamation and defamation per se. According to the complaint, defendant published statements on two Internet websites alleging, inter alia, that plaintiff engaged in a fraudulent and criminal operation and illegally and improperly received financial gain when he served as the Executive Director of the Vietnamese Overseas Initiative for Conscience Empowerment (VOICE), an organization that assists Vietnamese refugees to emigrate. Defendant moved to dismiss the complaint pursuant to, inter alia, the then-recent amendments to the anti-strategic lawsuits against public participation (anti-SLAPP) statutes (see Civil Rights Law §§ 70-a, 76-a) and CPLR 3211 (a) (7) and (g) and for, among other things, attorneys' fees and costs. Defendant argued that the anti-SLAPP amendments applied retroactively to the defamation causes of action asserted by plaintiff. Supreme Court determined that the amendments to the anti-SLAPP law applied retroactively and, therefore, applied the burdens under that law (see CPLR 3211 [g]). The court thereafter issued an order in which it, inter alia, granted those parts of defendant's motion seeking to dismiss the complaint pursuant to CPLR 3211 (a) (7) and (g) and seeking costs and attorneys' fees. Plaintiff appealed from the order to the extent that it granted defendant's motion, contending that the court erred in applying the anti-SLAPP amendments retroactively. We reversed the order insofar as appealed from on the ground that the court erred in applying the anti-SLAPP amendments retroactively and remitted the matter for the court to address "the alternative grounds for dismissal raised in the motion pursuant to CPLR 3211 (a) (1) and CPLR 3211 (a) (7) insofar as based upon the pleading requirements in section 3016 (a)" (Hoi Trinh, 211 AD3d at 1625).
Upon remittal, the court again applied the amended anti-SLAPP statute and dismissed the complaint on that ground. In addition, the court held that, even if the action did not permit application of the anti-SLAPP amendments, the complaint was subject to dismissal on the alternative basis of failure to state a cause of action inasmuch as plaintiff failed to allege the necessary elements to recover damages for defamation as a matter of law with respect to the 20 alleged defamatory statements in the complaint. Plaintiff now appeals.
We agree with plaintiff that the court impermissibly expanded the scope of the remittal. "[A] trial court, upon a remand or remittitur, is without power to do anything except to obey the mandate of the higher court, and render judgment in conformity therewith" (People v Weber, 195 AD3d 1544, 1544 [4th Dept 2021], affd 40 NY3d 206 [2023] [internal quotation marks omitted]). This Court expressed our remittal directive in our order, and Supreme Court impermissibly expanded the scope of that remittal by accepting supplemental arguments on, inter alia, the effect of new case law relating to the retroactivity of the amended anti-SLAPP statute, and by basing its decision on grounds that were not included within the remittal (see People v Wiggins, 197 AD2d 802, 803 [3d Dept 1993]; see also Matter of Rose v Albany County Dist. Attorney's Off., 141 AD3d 912, 913-914 [3d Dept 2016]; see generally DiFilippo v DiFilippo, 300 AD2d 1003, 1004 [4th Dept 2002]).
With respect to the alternative grounds for dismissal that the court appropriately considered pursuant to our remittal directive, "when a court rules on a CPLR 3211 motion to dismiss, it 'must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord plaintiff[ ] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory' " (Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [2012]; see Bisimwa v St. John Fisher Coll., 194 AD3d 1467, 1469 [4th Dept 2021]). " 'The elements of a cause of action for defamation are a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se' " (D'Amico v Correctional Med. Care, Inc., 120 AD3d 956, 962 [4th Dept 2014]). In determining the sufficiency of a defamation pleading, we consider "whether the contested statements are reasonably susceptible of a defamatory connotation" (Davis v Boeheim, 24 NY3d 262, 268 [2014] [internal quotation marks omitted]; see Howard v Alford, 229 AD2d 996, 996 [4th Dept 1996]).
In the complaint, plaintiff alleged that defendant made 20 defamatory statements falsely implying that plaintiff "violated Canadian immigration law and deceived the Canadian government and the public with respect to [plaintiff's] work with Vietnamese refugees." We agree with plaintiff that there is a reasonable view of the statements set forth in paragraphs 32, 38, 41, 45, 46, 47, 48, 49, 51, 52 and 55 upon which plaintiff may be entitled to recover for defamation or defamation per se and, therefore, the complaint "must be deemed to sufficiently state a cause of action" (Davis, 24 NY3d at 274). Moreover, with respect to each of those allegedly defamatory statements, we conclude that defendant failed to conclusively establish that the statement was not "of and concerning" plaintiff (Dimond v Time Warner, Inc., 119 AD3d 1331, 1332 [4th Dept 2014] [internal quotation marks omitted]; cf. Emergency Enclosures, Inc. v National Fire Adj. Co., Inc., 68 AD3d 1658, 1661 [4th Dept 2009]), an expression of pure opinion (see generally Landa v Capital One Bank [USA], N.A., 172 AD3d 1052, 1053-1054 [2d Dept 2019]; Balderman v American Broadcasting Cos., 292 AD2d 67, 72-73 [4th Dept 2002], lv denied 98 NY2d 613 [2002]) or no more than name-calling or a general insult (cf. Wahrendorf v City of Oswego, 72 AD3d 1604, 1605 [4th Dept 2010]; see generally Bisimwa, 194 AD3d at 1469; Olney v Town of Barrington, 180 AD3d 1364, 1364 [4th Dept 2020]). We therefore modify the order accordingly. Contrary to plaintiff's contention, however, we conclude that the court properly granted defendant's motion insofar as it sought to dismiss the complaint with respect to the remainder of the allegedly defamatory statements set forth therein.
Finally, inasmuch as the court's application of the anti-SLAPP law was outside the scope of this Court's remittal directive, we conclude that the court erred in awarding costs and attorneys' fees pursuant to Civil Rights Law § 70-a (1), and we therefore further modify the order accordingly.
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court