Charcholla v Channel 13 News (2026 NY Slip Op 01875)

Charcholla v Channel 13 News

2026 NY Slip Op 01875

Decided on March 27, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to
revision before publication in the Official Reports.

Decided on March 27, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND
DELCONTE, JJ.

35 CA 24-01650

[*1]DANIEL CHARCHOLLA, PLAINTIFF-APPELLANT,
vCHANNEL 13 NEWS, ALSO KNOWN AS 13 WHAM, AND
DEERFIELD MEDIA (ROCHESTER), INC., DEFENDANTS-RESPONDENTS.

VIVEK J. THIAGARAJAN, WEBSTER, FOR PLAINTIFF-APPELLANT. 
BALLARD SPAHR LLP, NEW YORK CITY (JACQUELYN N. SCHELL OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Monroe County (Elena F. Cariola, J.),
entered August 26, 2024, in a defamation action. The order granted in part the motion of
defendants for attorney's fees. 
It is hereby ORDERED that the order so appealed from is reversed on the law
without costs and the motion is denied in its entirety.
Memorandum: Plaintiff appeals from an order that granted in part defendants' motion
for attorney's fees and costs pursuant to Civil Rights Law § 70-a following an
inquest. We reverse.
We agree with plaintiff that Supreme Court erred in granting the motion in part and
awarding an amount of attorney's fees and costs to defendants. Civil Rights Law §
70-a (1) provides, in relevant part, that "[a] defendant in an action involving public
petition and participation . . . , may maintain an action, claim, cross claim or counterclaim
to recover damages, including costs and attorney's fees, from any person who
commenced or continued such action" (emphasis added). Here, the record establishes that
the attorney's fees and costs were billed to and paid by a nonparty entity and not
defendants. Although defendants' counsel alleged that a corporate relationship existed
between defendants and the nonparty entity, defendants established no contractual
obligation between them and the nonparty from which to conclude that defendants
suffered damages by the imposition of attorney's fees and costs as contemplated by the
statute.
Plaintiff's remaining contentions need not be reached in light of our determination.
We note that the record does not contain a notice of cross-appeal and, therefore, the
purported cross-appeal of defendants was deemed dismissed inasmuch as it was not timely perfected pursuant
to the six-month rule (see 22 NYCRR 1250.7 [b] [4]; 1250.10 [a]; Porschia C. v Sodus Cent. Sch.
Dist., 231 AD3d 1520, 1521 [4th Dept 2024]; see generally Bryden v Hankins, 124 AD3d 1263, 1263-
1264 [4th Dept 2015]). Consequently, the contentions of defendants pertaining to the
order are not properly before us (see Porschia C., 231 AD3d at 1521; Perri v Case, 208 AD3d
1046, 1047 [4th Dept 2022]).
All concur except Ogden, J., who dissents and votes to affirm in the
following memorandum: I respectfully dissent. I disagree with the majority that Supreme
Court erred in granting, in part, defendants' motion for attorney's fees and costs pursuant
to Civil Rights Law § 70-a.
Civil Rights Law § 70-a (1) provides, in relevant part, that "[a] defendant in an
action [*2]involving public petition and participation . . . , may maintain an action, claim, cross claim or counterclaim to recover damages,
including costs and attorney's fees, from any person who commenced or continued such
action." The majority's rationale in reversing the order is that the attorney's fees and costs
were billed to and paid by a nonparty entity and not defendants. The majority places a
burden on defendants to establish the existence of any legal or contractual relationship
between defendants and the nonparty entity that served as the payor. That burden is not
appropriate here. The court properly found that Civil Rights Law § 70-a (1) does not
require that the fees be paid by the named defendant. As a remedial statute (see Gottwald v Sebert, 40
NY3d 240, 264 [2023]; Hoi
Trinh v Nguyen, 211 AD3d 1623, 1625 [4th Dept 2022]), Civil Rights Law
§ 70-a (1) should be "liberally construed to carry out the reforms intended and to
promote justice . . . , and interpreted broadly to accomplish [its] goals" (Kimmel v State of New York,
29 NY3d 386, 396 [2017] [internal quotation marks omitted]; see generally Graham Ct. Owners
Corp. v Taylor, 24 NY3d 742, 750-751 [2015]). There is no express prohibition
on the recovery of attorney's fees and costs that have been advanced or paid by a nonparty
for the benefit of the prevailing party, and "[i]t is not for this Court to engraft limitations
onto the plain language of the statute" (Kimmel, 29 NY3d at 401; cf. Cardo v
Board of Mgrs., Jefferson Vil. Condo 3, 67 AD3d 945, 946 [2d Dept 2009]).
At this juncture, defendants—by virtue of being the named defendants in
this action involving public petition and participation—are entitled to recover from
plaintiff their attorney's fees and costs (see § 70-a [1]; Reeves v
Associated Newspapers, Ltd., 232 AD3d 10, 25 [1st Dept 2024], lv
dismissed 44 NY3d 990 [2025]; see generally Centennial Contrs. Enters. v East N.Y. Renovation
Corp., 79 AD3d 690, 693 [2d Dept 2010]).
Finally, none of the other contentions raised on plaintiff's appeal warrant reversal or
modification of the order and, inasmuch as defendants failed to perfect the cross-appeal,
their contentions with respect to the order are not properly before this Court (see
22 NYCRR 1250.10 [a]; see generally
Bryden v Hankins, 124 AD3d 1263, 1263-1264 [4th Dept 2015]). I would
therefore affirm the order.
Entered: March 27, 2026
Ann Dillon Flynn
Clerk of the Court